# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNELL R.,<br><br>        Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration,<br><br>        Defendant. | Case No.: 3:21-cv-01189-RBM-MDD<br><br>**ORDER GRANTING JOINT MOTION FOR AWARD OF FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT**<br><br>**[Doc. 21]** |

  On June 29, 2021, Plaintiff Donnell Randall ("Plaintiff") filed a complaint against Kilolo Kijakazi in her capacity as Acting Commissioner of the Social Security Administration ("Commissioner"),[1] seeking judicial review of the Commissioner's decision denying his application for Supplemental Security Income benefits. (Doc. 1.) On April 21, 2022, the parties jointly moved to remand the action to the Social Security Administration for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021 and is therefore substituted for Andrew M. Saul as Defendant. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

(Doc. 16.) On May 5, 2022, the Court granted the motion and remanded the action for further administrative proceedings. (Doc. 17.)

On August 2, 2022, the parties filed a joint motion for the award and payment of attorney's fees ("Joint Motion") pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), which was denied without prejudice for failure to attach an itemized statement as required under Section 2412(d)(1)(B). (Docs. 19, 20.) The parties now renew their Joint Motion and move for an award to Plaintiff of attorney's fees in the amount of eight thousand and five hundred dollars and no cents ($8,500) under the EAJA. (Doc. 21 at 2.) In their Joint Motion, the parties state this amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d). (*Id*.)

The EAJA allows a prevailing party to seek attorney's fees from the United States within thirty days of final judgment. *See* 28 U.S.C. § 2412(d). "A plaintiff who obtains a sentence four remand is considered a prevailing party for purposes of attorneys' fees." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (citation omitted). Therefore, Plaintiff is the prevailing party in this action for purposes of awarding attorney's fees.

"A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412(d), upon expiration of the time for appeal." *Id*. (citation omitted). Federal Rule of Appellate Procedure 4(a)(1)(B) provides for a sixty-day appeal period in cases in which the United States is a party or a United States officer or employee is sued in an official capacity. FED. R. APP. P. 4(a)(1)(B). Here, the sixty-day appeal period for the May 5, 2022 order granting the parties' joint motion to remand expired on or about July 5, 2022. The sentence four remand is now a final judgment and the parties' Joint Motion is timely.[2]

---

[2] The parties' initial Joint Motion filed August 2, 2022 will be considered for purposes of determining timeliness. (Doc. 19.)

Pursuant to the EAJA, the amount of fees awarded are "based upon prevailing market rates for the kind and quality of the services furnished." *See* 28 U.S.C. § 2412(d)(2)(A). "[A]ttorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The Ninth Circuit's statutory maximum hourly rates under the EAJA for 2021, adjusted for increases in the cost of living, are $217.54. *See* "Statutory Maximum Rates Under the Equal Access to Justice Act," https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Aug. 11, 2022) (citing 28 U.S.C. § 2412 (d)(2)(A); *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005); Ninth Circuit Rule 39–1.6).[3]

At an hourly rate of $217.54, the requested fee award represents compensation for approximately 40.7 hours of work performed by Plaintiff's counsel. (Docs. 21-2, 21-3, 21-4, 21-5). The work was performed by three attorneys working with Legal Aid Society of San Diego, Inc. (*See* Doc. 21-3 ¶ 5). In total, 40.7 hours were spent working on this case at the district court level, resulting in $8,853 in fees at the rate of $217.54 per hour, but Plaintiff and Defendant are jointly moving for a total of only $8,500 in fees. (*Id.*) Work performed by Plaintiff's counsel consists of reviewing the case, filing a complaint, communicating with Plaintiff, and preparing the joint motion to remand, among other things. (Doc. 21-2.) "Time entries for training activities, excessive activities, duplicative entries, and entries for work performed before the applicable time period (i.e., from the preparation of the initial application to the receipt of the Appeals Council denial) were stricken from this request." (Doc. 21-3 ¶ 5.) Having reviewed the parties' Joint Motion and relevant authority, the Court finds the request for attorney's fees reasonable.

---

[3] The Joint Motion states: "Legal Aid's hourly rate for attorney work is the EAJA statutory rate of $217.54 for 2021 and 2022. At the time of the agreement to jointly remand, the Ninth Circuit had not yet updated its EAJA fees for the first half of 2022, so all hours were calculated at the 2021 rate [of $217.54]." (Doc. 21 at 2.)

    Good cause appearing, the Joint Motion (Doc. 21) is **GRANTED**, subject to the terms of the parties' Joint Motion. Accordingly, the Court **AWARDS** Plaintiff attorney's fees in the amount of **eight thousand and five hundred dollars and no cents ($8,500)**.

    **IT IS SO ORDERED**.

DATE: August 11, 2022

                                                                               *[signature]*
                                          HON. RUTH BERMUDEZ MONTENEGRO
                                          UNITED STATES DISTRICT JUDGE